UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAYSON SINGLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0112-CVE-JFJ |
| ) | |
| SCISSORTAIL AUTO SALES/ ) | |
| THUNDER AUTO FINANCE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On March 13, 2024, plaintiff Jayson Singleton filed a pro se complaint (Dkt. # 2) against defendant Scissortail Auto Sales/Thunder Auto Finance. The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff claims that defendant violated 41 U.S.C. § 6503 by breaching a consumer credit sale contract for a 2007 Honda Accord and repossessing the vehicle. Plaintiff seeks either "special" performance of the contract, or restitution in the amount of the loan ($9,495).

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject-matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject-matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient

facts to show that the case is one arising under federal law." <u>Martinez v. United States Olympic Comm.</u>, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff has asserted a claim under 41 U.S.C. § 6503, which provides terms for a breach or violation of contracts under 41 U.S.C. § 6502. Section 6502 governs the requisite contract terms and defines contracts as those "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000 . . . ." 41 U.S.C. § 6502. An action under section 6503 therefore requires that the underlying contract be made by a federal government agency. <u>See, e.g.</u>, <u>Gilmore-Bey v. Coleman</u>, No. CIV-23-1157, 2024 WL 56313 (W.D. Ok. Jan. 4, 2024). Defendant, a used car dealer, does not appear to be an agency of the United States, nor does the credit sale contract appear to be made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment. Moreover, the contract loan for the vehicle totals $9,495, which is less than the statutory minimum value of $10,000. Plaintiff has not alleged any other facts pertaining to government agency contracts, and did not otherwise address the jurisdictional section in his complaint or attached affidavit.

The Court fails to see how plaintiff alleges a sufficient claim under section 6503, or any other federal law. The generous construction to be given a <u>pro se</u> litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court can discern no other federal question presented on the face of plaintiff's complaint supporting federal question jurisdiction. Diversity jurisdiction is also not satisfied because both defendant and plaintiff are citizens of Oklahoma, and the amount in controversy is well below $75,000. <u>See</u> 28 U.S.C § 1332. The Court therefore lacks subject-matter jurisdiction, and the case should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed without prejudice** for lack of subject-matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 19th day of March, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE